JOSEPH ROTUNDO, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, February Term — Filed March, 1923.

Carriers — railroads — interpretation of bill of lading — notice by mail of arrival of goods — when carrier not liable for loss by theft.

A car of goods consigned to plaintiff and shipped under a bill of lading containing a clause that " property not removed by the party entitled to receive it within forty-eight hours exclusive of legal holidays, after notice of its arrival has been

duly sent or given may be kept in car  *  *  *  subject to reasonable charge for storage and to carrier's responsibility as warehouseman only," arrived in New York, the point of destination, at noon on Thursday, October 20, 1921. Notice of such arrival mailed by the defendant carrier at five P. M. the next day was received by plaintiff the following afternoon. The next Monday afternoon plaintiff, having in the meantime partly unloaded the car, placed his own lock thereon and arranged with an employee of defendant that he should have opportunity to complete the unloading the next day upon payment of storage charges. When plaintiff returned the next morning he found that some of his goods had been stolen from the car and has recovered a judgment for the value thereof. *Held,* that the forty-eight-hour period of limitation in the bill of lading began to run from the time of mailing the notice; that even if negligence could be inferred from delay in failing to mail the notice of arrival before it was mailed and even assuming that this question was properly raised at the trial, it was evident that such negligence was not the proximate cause of the loss of the goods by theft the following week and a judgment entered in favor of plaintiff will be reversed and a new trial ordered.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of . Manhattan, fourth district, entered in favor of the plaintiff after a trial before the court without a jury.

*Stetson, Jennings & Russell (Theodore Kiendl,* of counsel), for appellant.

*John B. Coppola,* for respondent.

LEHMAN, J. The plaintiff is the consignee of goods shipped on the defendant railway. The car containing the plaintiff's goods arrived in New York at noon on Thursday, October 20, 1921. Notice of such arrival was mailed to the plaintiff at five P. M., Friday, October twenty-first, and was received by the plaintiff on Saturday afternoon. On Monday morning the plaintiff started to unload the car and he claims that he did not unload the entire contents of the car that day. In the afternoon of the same day the plaintiff placed his own lock on the car and arranged with an employee of the defendant that he should have opportunity to complete the unloading the next day upon payment of storage charges. There is evidence that when plaintiff returned the next morning he found that some of his goods had been stolen from the car and the plaintiff has recovered a judgment for the value of the goods alleged to be missing.

The bill of lading contains a clause that " property not removed by the party entitled to receive it within forty-eight hours exclusive of legal holidays, after notice of its arrival has been duly sent or given may be kept in car  *  *  *  subject to reasonable charge for storage and to carrier's responsibility as warehouseman only." If the goods at the time they were stolen were in the possession

of the defendant subject to the defendant's responsibility as carrier, then the defendant is liable for their loss, but if they were held by defendant subject only to responsibility as warehouseman the evidence is insufficient to show any negligence on the defendant's part which would make it liable for their loss. Concededly more than forty-eight hours had passed since the notice of arrival was properly mailed to the plaintiff, but the plaintiff claims that the forty-eight hours after which the goods under the terms of the bill of lading were to be held subject to the " carrier's responsibility as warehouseman only " began to run only from the time when the notice was received. This construction of the bill of lading seems to me erroneous and contrary to its unambiguous terms. The notice was " sent " on Friday afternoon when it was mailed, and if it was intended that it should take effect only from the time when it was received the words " or given " in the bill of lading would be meaningless. At that time the goods were waiting delivery and the consignee could have obtained them on proper application, and the railroad company is not responsible for the fact that the plaintiff for some reason received the notice only in the afternoon of the following day, too late to enable him to go to the bank to draw the money to pay the defendant's charges. The cases cited by the plaintiff are not authority for any other construction, for in the case of *Hunt* v. *New York Central R. R. Co.*, 173 N. Y. Supp. 465, the notice which was mailed was not addressed properly and, therefore, was not " duly " sent, and under the terms of the bill of lading the responsibility of the railway company as carrier continued until forty-eight hours after the time when notice was " given " in other form; and in the case of *McKinney* v. *Jewett*, 90 N. Y. 267, it appeared affirmatively that the goods were not waiting delivery but on the contrary that delivery was refused. The plaintiff's claim that in any event the evidence shows that the defendant was negligent in failing to mail a notice before five o'clock on Friday evening though the goods arrived in New York on Thursday at twelve-fifty-five P. M., needs no serious consideration, for even if negligence could be inferred from such delay and even if we assume that this question was properly raised at the trial, it is evident that such negligence would not be a proximate cause of a loss by theft the following week.

It follows that the judgment must be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

LYDON and BURR, JJ., concur.

Judgment reversed.